# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CARLTON ALLEN,**

        **Plaintiff,**

**-vs-**                                                                  **Case No. 6:07-cv-901-Orl-22KRS**

**EQUIFAX INFORMATION SERVICES,**
**LLC, and ACOLLECT CORPORATION,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

     This cause came on for consideration with oral argument on April 15, 2008, on the following motion:

| | |
|---|---|
| **MOTION:** | **UNOPPOSED MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT, ACOLLECT CORPORATION (Doc. No. 33)** |
| **FILED:** | **March 27, 2008** |

     Ernest H. Kohlmeyer moved to withdraw from representing Defendant ACollect Corporation ("ACollect") due to ACollect's repeated failure to respond to counsel's communications, counsel's inability to obtain his client's cooperation to appear at deposition, and ACollect's failure to pay for legal services. Doc. No. 33. In setting this matter for hearing, I ordered that a corporate representative from ACollect personally appear at the hearing and directed Kohlmeyer to serve the order upon ACollect. Doc. No. 34. ACollect was cautioned that "[f]ailure to [appear] . . . may result in imposition of sanctions, which could include entry of a default." Id. My order further advised

ACollect that a corporation could only be heard through counsel of record and that if the motion to withdraw were granted and a new attorney did not enter an appearance, ACollect would no longer be permitted to defend itself in this action.

Kohlmeyer certified that he served my order upon ACollect, and that he made several attempts to contact ACollect about the order. Doc. No. 35. A corporate representative did not appear at the hearing or otherwise contact the court regarding an inability to attend.

Federal Rule of Civil Procedure 16(f) provides, in pertinent part, as follows: "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (A) fails to appear at a scheduling or other pretrial conference . . . or (C) fails to obey a scheduling or other pretrial order."  Federal Rule of Civil Procedure 37(b)(2)(A)(iii) and (vi) permits the Court to strike ACollect's answer and enter a default against it.

It is undisputed that ACollect has failed to obey the court's order and appear at the hearing. It received ample notice that disregard of the Court's orders could result in the imposition of sanctions, including a default being entered against it. As ACollect has failed to attend a hearing it was required to attend, sanctions are warranted.

Accordingly, I respectfully recommend that the Court **GRANT** Attorney Kohlmeyer's Unopposed Motion to Withdraw as Counsel for Defendant, ACollect Corporation. Doc. No. 33. I further recommend that the Court **STRIKE** ACollect Corporation's answer, doc. no. 11, and **DIRECT** the Clerk of Court to enter a default against it. I further recommend that the Court give Plaintiff thirty days from the date of the ruling on this Report and Recommendation to file a motion for default judgment.

**The Clerk of Court is directed to mail a copy of this Report and Recommendation to ACollect Corporation at 2168 Jog Rd., West Palm Beach, FL 33415-6015.  ACollect Corporation is cautioned that failure to file and serve a written objection to this Report and Recommendation within ten days may result in a default being entered, which would preclude it from defending itself in this case.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 16, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy